UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| PATRICIA D. WIGGINS, et al., | No. CV-07-5038-FVS |
| Plaintiffs, | |
| v. | ORDER |
| LIFE INSURANCE CO. OF NORTH AMERICA, et al., | |
| Defendants. | |

**THIS MATTER** comes before the Court based upon cross motions for summary judgment. The plaintiffs are represented by Ray R. Whitlow. The defendants are represented by D. Michael Reilly.

**BACKGROUND**

Patricia D. Wiggins worked for Fluor Hanford, Inc. Fluor Hanford offers its employees short- and long-term disability protection through the Hanford Employee Welfare Trust Short and Long Term Disability Plan ("the Plan"). The Plan is administered by the Life Insurance Company of North America ("LINA"), and is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Ms. Wiggins does not dispute that the Plan confers discretion upon LINA to determine an applicant's eligibility for benefits. In the event a representative of LINA makes an adverse determination, the Plan provides that the applicant may obtain

ORDER - 1

internal, administrative review by other representatives. The Plan's internal-review process is not optional. Paragraph 8.5 states in part, "You must exhaust your appeal rights before bringing an action in court."

During December of 2003, Ms. Wiggins ceased working full time due to a disability. She applied for short-term disability benefits. LINA paid short-term disability benefits for a period of four weeks, and then terminated payments on the ground she did not qualify. She exhausted her administrative remedies with respect to her application for short-term disability benefits and then commenced an action. The parties settled her claim during June of 2006. At about the same time, she applied for long-term disability benefits. LINA denied her application. She retained an attorney. After he obtained documents from LINA, he filed an appeal on her behalf. In a letter dated May 9, 2007, LINA representative Anna Bedikian informed the attorney that the company had denied Ms. Wiggins' appeal. Ms. Bedikian wrote, in part, "You may request a review of this decision by writing to the Life Insurance Company of North America representative signing this letter at the address noted on the letterhead. The written request for review must be sent within 180 days of the receipt of this letter." Ms. Bedikian then informed the attorney of the type of information he should provide and when he could expect a decision. Having discussed those things, Ms. Bedikian wrote, "Please note that you have a right to bring legal action for benefits under ERISA . . . if your appeal is denied." Ms. Wiggins' attorney received a copy of Ms. Bedikian's

letter of May 9th.  In a letter dated May 31st, he advised Ms. Bedikian:

> . . .  Please be advised we anticipate initiating legal action for benefits under the federal ERISA statute within the next thirty days.
>
> Please be advised Ms. Wiggins does not wish to seek another written request for review with the Life Insurance Company of North America.  In addition, there is no new documentation, other than what has previously been forwarded to the insurance company.

Ms. Wiggins filed the instant action on July 11, 2007.  The parties have filed cross motions for summary judgment.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

It is well established that a person seeking benefits under an ERISA plan "must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court."  *Diaz v. United Agric. Employee Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir.1995) (citing *Amato v. Bernard*, 618 F.2d 559, 566-68 (9th Cir.1980)).  Ms. Wiggins concedes she did not do so.  Despite making this concession, she urges the Court not to dismiss her complaint.  She argues that requesting further review would have been futile because LINA had repeatedly denied her appeals for benefits, both short- and long-term, and she had no new medical information with respect to her condition.

Futility is one of the exceptions to the exhaustion requirement.  50 F.3d at 1485.  However, the fact a plan administrator has repeatedly denied an applicant's appeals does not, by itself, excuse

ORDER - 3

the applicant from exhausting her administrative remedies.  *Id.*  In order to establish futility, the applicant must demonstrate the administrator has prejudged the evidence and the outcome of the appeal is predetermined.  *See id.* at 1486.  Ms. Wiggins bears the burden of production on this issue.  *See id.* at 1485-86.  The defendants are entitled to summary judgment unless she identifies evidence from which a rational fact-finder could resolve this issue in her favor.  She has failed to carry her burden.  As the record now stands, a rational fact-finder could not find that LINA representatives had prejudged the evidence and, thus, the opportunity for internal review that Ms. Bedikian described in her letter of May 9th was illusory because the appeal was certain to be denied.

**IT IS HEREBY ORDERED**:

1. The plaintiffs' motion for summary judgment (**Ct. Rec. 20**) is denied.

2. The defendants' motion for summary judgment (**Ct. Rec. 14**) is granted in part.

3. The plaintiffs' claims are dismissed without prejudice for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___10th___ day of October, 2008.

                                    s/Fred Van Sickle
                                    Fred Van Sickle
                     Senior United States District Judge

ORDER - 4